**STONEWALL INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**Salome D. LOPEZ, Basilaesa Lopez, and Jesse Reyes Moreno,**
**Defendants-Appellants.**

**No. 76–2955**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 13, 1977.

Warren N. Weir, John F. Scarzafava, San Antonio, Tex., John Petry, H. C. Petry, Jr., Carrizo Springs, Tex., for defendants-appellants.

Stanley M. Kaufman, Herbert Garon, Jr., Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This case arises from an August 23, 1974 automobile accident in which Richard R. Lopez was killed. The deceased's parents, Salome D. Lopez and Basilaesa Lopez, filed a state-court action against Jesse Reyes Moreno, claiming his negligence caused the accident. When Moreno claimed that he was insured by Stonewall Insurance Company, Stonewall brought this declaratory action in federal court, naming the Lopezes and Moreno as defendants. Stonewall claimed that the accident occurred before Moreno obtained the insurance. The district court reached the merits, accepted Stonewall's contention, and rendered judg-

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

ment accordingly.[1] On appeal, appellants do not challenge the district court's resolution of the merits but assert solely that the amount in controversy does not exceed the jurisdictional minimum of $10,000. *See* 28 U.S.C. § 1332. We affirm.

Stonewall's liability for bodily injury under the insurance contract at issue is limited to $10,000 per person. Because this suit involved injuries to only one person, Stonewall's maximum bodily injury liability is $10,000. As appellants correctly note, when the amount in controversy is exactly $10,-000, it does not *exceed* $10,000, and § 1332 does not establish jurisdiction. The controversy here, however, involves not only Stonewall's potential liability for the $10,-000, but also Stonewall's obligation to defend the state-court action against Moreno, its insured. If the insurance contract covers the accident in question, Stonewall is obligated, by the contract's terms, to defend Moreno. If, on the other hand, the insurance contract does not apply to the accident in question, Stonewall has no obligation to provide a defense. The pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount, and the amount in controversy here therefore exceeds $10,000. *See Allstate Ins. Co. v. Dillard*, 190 F.Supp. 111 (E.D.Pa.1960); *Criterion Ins. Co. v. Quillen*, 212 F.Supp. 924 (D.Md.1963); *cf. Motorists Mutual Ins. Co. v. Simpson*, 404 F.2d 511 (7th Cir. 1968), *cert. denied*, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969) (dictum).[2]

We affirm.

1. The district court acted properly when it resolved the claim on the basis of the facts presented without attributing any significance to the insurance company's name, "Stonewall". That an insurance company would take as its name a verb meaning "to engage in obstructive parliamentary debate or delaying tactics," *see* Webster's Seventh New Collegiate Dictionary 864 (1970), may demonstrate remarkable candor but does not help guide the decision of a particular case.

2. Appellants vigorously assert that the jurisdictional amount issue is governed by the "plaintiff's viewpoint" rule, under which we should purportedly assess the existence of the jurisdic-

tional amount solely from the viewpoint of the plaintiff, ignoring the lawsuit's pecuniary impact upon the defendant. Here we have no occasion to assess the import or applicability of that rule, however, because the amount in controversy exceeds $10,000 when viewed from either the plaintiff's or the defendants' viewpoint. The difference between winning and losing this lawsuit, either to appellants or to Stonewall, will be $10,000 plus the cost of defending the state-court action.