**PROGRESSIVE CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**The ESTATE OF Steven R. CRONE, et al., Defendants.**

No. 95–1015–MLB.

United States District Court, D. Kansas.

June 20, 1995.

Kevin M. McMaster, McMaster & McMaster, Wichita, KS, for Progressive Cas. Ins. Co.

M. John Carpenter, Carpenter Law Office, Great Bend, KS, for Estate of Steven R. Crone, Marty Joan Crone, Jennifer L. Chelf.

T. Michael Wilson, Stinson, Lasswell & Wilson, Wichita, KS, Terry S. Stephens, Wichita, KS, for August L. Thorne.

Thomas J. Berscheidt, Great Bend, KS, for Howard A. McGreevy.

Brian C. Wright, Turner & Boisseau, Chartered, Great Bend, KS, Stephen E. Dixon, P.B. Hoidale Co., Inc., Wichita, KS, for James R.

## ORDER

REID, United States Magistrate Judge.

On May 22, 1995, plaintiff Progressive Casualty Insurance Company filed a motion for judgment on the pleadings (Doc. 16–17). No response has been filed to the motion by any of the defendants. The motion can therefore be deemed an uncontested motion. D.Kan. Rule 206(g).

Prior to addressing the issue raised in the motion, the court must first determine whether it has subject matter jurisdiction in this case. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds* the sum or value of $50,000, exclusive of interest and costs, and is between (emphasis added)" citizens of different states or between citizens of a state and a foreign state or citizens of a foreign state.

Plaintiff, an insurance company, has brought a declaratory judgment action seeking an order from the court that it is not obligated under its policy of insurance to the defendants for the damages which resulted from the operation of a 1972 Gremlin automobile at the time of the motor vehicle collision which occurred on August 27, 1994 (Doc. 7). In the answer of defendant Marty Joan Crone, she states that the insurance policy in question has liability limits of $25,000 per person and $50,000 per incident. Therefore, the amount in controversy does not exceed $50,000 exclusive of interest and costs (Doc. 15 at ¶ 3). Crone's answer goes on to ask that the court dismiss the case for lack of jurisdiction, but in the event the court finds that it has jurisdiction, indicates that the court should grant plaintiff the relief it seeks. Plaintiff's second amended complaint, at ¶ 10, simply states that "[t]he amount in controversy exceeds $50,000, exclusive of interest and costs" (Doc. 7). Because the court cannot rule on the merits of the motion unless it first determines whether or not it has jurisdiction, the jurisdictional issue must first be addressed.

▮ When federal subject matter jurisdiction is challenged based on the amount in controversy requirement,

the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal ... if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see Watson v. Blankinship,* 20 F.3d 383, 386 (10th Cir.1994). Only three situations clearly meet the legal certainty standard. The first situation is when the terms of a contract limit the plaintiff's possible recovery. 14A Wright, Miller and Cooper, *Federal Practice and Procedure 2d,* § 3702 at 49 (1985). This case, which involves the terms of a liability policy, is an example of the first situation. *See Id.,* § 3702 at 51–52. If the terms of the liability policy limit the insurer's liability to an amount less than $50,000, there is a legal certainty that an amount exceeding $50,000 could not be recovered. *See Id.* When the amount in controversy is exactly $50,000, it does not exceed $50,000, and § 1332 does not establish jurisdiction. *Stonewall Insurance Co. v. Lopez,* 544 F.2d 198, 199 (5th Cir.1976). However, when an insurance policy is for $50,000, and the jurisdictional requirement is an amount in excess of $50,000, the insurer's obligation to defend has a value to the insured and a cost to the insurer which is to be taken into consideration in determining the existence of the jurisdictional amount. *See* 14A Wright, Miller and Cooper, *Federal Practice and Procedure 2d,* § 3702 at 52; *Lopez,* 544 F.2d at 199.[1] Therefore, in this

---

1. In *Lopez,* the court held that the pecuniary value of the obligation to defend a lawsuit

case, taking into consideration the $50,000 policy and the value or cost of the obligation to defend, the jurisdictional amount will be deemed satisfied.

The court will now turn to the merits of the motion for judgment on the pleadings. Based on the uncontested pleadings, the policy in question was issued to defendant Marty Crone on or about July 13, 1994 and was effective through January 13, 1995, listing as the insured vehicle a Chevrolet Monte Carlo. Plaintiff seeks a declaratory judgment from the court that it is not obligated under its policy of insurance to any of the defendants for damages resulting from the operation of a 1972 Gremlin automobile in a collision which occurred on August 27, 1994. The accident of August 27, 1994 involved the 1972 Gremlin driven by Steven R. Crone and a vehicle driven by Howard A. McGreevy. Marty Crone was a passenger in the 1972 Gremlin at the time of the collision. The 1972 Gremlin was not a vehicle covered by the policy in question, and it was not owned by Marty Crone.

■ While the above facts are apparently undisputed, a motion under Fed.R.Civ.P. 12(c) is premature at this time. The rule states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim or third-party claim is interposed, in which even the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings. 5A, Wright and Miller, *Federal Practice and Procedure* § 1367 at 512–12 (1990). At present, answers have been filed by defendants Marty Crone (Doc. 15), and James Chelf (Doc. 13). Defendants Estate of Steven Crone, August Thorne, and Estate of Jennifer Chelf have not answered. Defendant Howard McGreevy has filed a pleading disclaiming any interest in the policy in question (Doc. 18). In addition, the answer of James Chelf has asserted cross-claims against Mar-

ty Crone and Howard McGreevy; answers have not yet been filed to those cross-claims. Motions are pending by defendant Marty Crone for an extension of time to respond to the cross-claim, and by defendant August Thorne for an extension of time to file an answer (Doc. 20, 19). It is therefore clear that the pleadings are not yet closed in this case, and therefore a Rule 12(c) motion is premature.

On the other hand, none of the defendant have responded or in any way objected to plaintiff's motion. As local rules permit, the court can grant the motion as an uncontested motion. However, the court would prefer not to dismiss a case solely based on procedural non-compliance with local rules. However, this court is of the view that plaintiff's motion is meritorious and should be granted based upon the uncontested facts that have been presented to it. Even if the motion is granted, James Chelf has filed two cross-claims which would still remain in the case. Therefore, the court will set a hearing on this case in which all counsel must be present. At that hearing, the court will take up the following matters with counsel for the parties:

(1) Is there any dispute that the 1972 Gremlin involved in the automobile accident of August 27, 1994 was not being driven by Marty Crone, was not owned by Marty Crone, and was not a covered automobile under the policy issued by the plaintiff to Marty Crone?

(2) If the facts asserted in (1) are undisputed, is there any reason that plaintiff is not entitled to judgment as a matter of law?

(3) If you dispute the facts asserted in (1), what evidence do you have to support this position?

(4) If the facts asserted in (1) are undisputed, and if plaintiff is entitled to judgment as a matter of law, should this court exercise its discretion and decline to exercise its ancillary jurisdiction over the cross-claims? *See King Fisher Marine Service, Inc. v. 21st Phoenix Corp.,* 893 F.2d 1155, 1172 (10th Cir.) *cert.*

against the alleged insured in state court could be properly considered in determining the existence of the jurisdictional amount. The plead-

ings in this case disclose that there are companion cases in state district court stemming from this accident (Doc. 20).

*denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990); 6 Wright, Miller and Kane, *Federal Practice and Procedure* § 1433 at 259–60 (1990).