Carolyn McDONALD, Plaintiff,

v.

EQUITABLE LIFE INSURANCE COMPANY OF IOWA and Rod E. Freeman, Defendants.

No. Civ.A. 98–T–560–N.

United States District Court, M.D. Alabama, Northern Division.

July 30, 1998.

**1280**

Jere L. Beasley, Wilson Daniel Miles, III, Beasley, Wilson, Allen, Crow & Methvin, PC, Montgomery, AL, Randall K. Bozeman, Hayneville, AL, for Carolyn McDonald, Plaintiff.

Michael Lester Bell, William H. King, III, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for Defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Carolyn McDonald filed this lawsuit in the Circuit Court of Lowndes County, Alabama. She is charging defendants Equitable Life Insurance Company of Iowa and Rod E. Freeman with state-law claims for fraud and negligence, arising out of the sale of an insurance policy. The defendants removed this lawsuit from state court to this federal court based on diversity-of-citizenship jurisdiction. 28 U.S.C.A. §§ 1332, 1441. The lawsuit is now before the court on McDonald's motion to remand. McDonald contends that "complete diversity" is not present because, although Freeman may now be a citizen of Georgia, she and Freeman were both citizens of Alabama at the time this lawsuit was filed in state court; the defendants contend that diversity is complete because Freeman was a citizen of Georgia at the time this lawsuit was filed. For the reasons that follow, the court agrees with the defendants.

■ There are a number of basic legal principles regarding diversity-of-citizenship jurisdiction: that § 1332 grants federal courts jurisdiction over cases between "citizens of different states"; that the party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence, *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir.1986); that diversity is determined when the suit is instituted, not when the cause of action arose, *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113–14 n. 1, 1 L.Ed.2d 1205 (1957); and that, for diversity jurisdiction to exist, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

■ The law is also well-established that a person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment.[1] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989); *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir.1981).[2] Instead, "citizenship," or

---

1. For purposes of diversity jurisdiction, the terms "citizenship" and "domicile" are synonymous. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir.1990).

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians,* 490 U.S. at 48, 109 S.Ct. at 1608; *Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir.1984). Intention to remain there permanently is not necessary. *Yeldell,* 913 F.2d at 537. It is enough to have a "floating intention" to stay indefinitely and also have the general desire to return to one's former domicile at some undetermined point of time. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). However, it is not sufficient to have the existing intention to return upon the happening of a reasonably foreseeable event. *Gates v. Comm'r of Internal Revenue,* 199 F.2d 291, 294 (10th Cir.1952).

■ In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329 (1941); *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954). *See generally* 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612. But because changes in residence are so common in this country, courts also refer to another presumption: once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *Yeldell,* 913 F.2d at 537; *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986).

■ However, these presumptions are merely aids for the court; they cannot override the actual facts of the case. The objective facts bearing on an individual's "entire course of conduct" determine domicile for diversity-jurisdiction purposes. *Wasson v. Northrup Worldwide Aircraft Services, Inc.,* 443 F.Supp. 400, 404 (W.D.Tex.1978) (quoting *Stine,* 213 F.2d at 448). Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.,* 773 F.Supp. 516, 520 (D.P.R.1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612. No single factor is conclusive; instead, a "totality of evidence" approach is necessary. *National Artists Management Co. v. Weaving,* 769 F.Supp. 1224, 1228 (S.D.N.Y.1991).

■ An individual's statements of intent also are considered in determining domicile. However, when subjective expressions of intent conflict with established facts, courts accord them little weight. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986); *Hendry v. Masonite Corp.,* 455 F.2d 955, 956 (5th Cir.1972). But when subjective expressions of intent accord with objective facts, the subjective testimony bolsters the objective evidence.

■ In this case, the defendants maintain that there is complete diversity because plaintiff McDonald is a citizen of Alabama while defendant Freeman is a citizen of Georgia. However, McDonald contends, under the above principles of law, that although Freeman recently left Alabama and is now living in Georgia, he was a citizen of Alabama at the time this lawsuit was filed on April 20, 1998. According to McDonald, complete diversity is thus absent because she and Freeman were citizens of the same state on April 20. The court finds that the evidence in this case establishes that Freeman was a citizen of Georgia at the time this suit was filed.

Freeman is physically in Georgia, and thus the defendants have satisfied the first element, that of relocating his citizenship. This case therefore turns on the *factual* issue of *intent:* whether, on April 20, Freeman intended to remain in Georgia indefinitely. The evidence reflects that, in September 1997, several months before this lawsuit was filed, he "changed" his "residence" from Alabama to Georgia. However, while, as stated above, current "residence" is not necessarily the same as current "citizenship," the record supports current citizenship here. The evi-

dence reflects the following: in September 1997, Freeman moved not only himself but his wife and children, and all their furniture and other belongings, to Georgia, where they all now reside in an apartment; all of their utilities are with Georgia companies; he and his wife have obtained Georgia car tags; he and his wife have a Georgia bank account and a Georgia safety deposit box; he has obtained employment in Georgia; his eldest, school-age child has enrolled in school there, and he and his wife have become involved in the school's parental organization; and he and his family go to church in Georgia. Freeman and his family own no property in Alabama, and maintain no residence in Alabama.

Admittedly, Freeman maintained his Alabama driver's license through April 20, 1998, and, even renewed his Alabama driver's license after he moved to Georgia. However, the evidence convincingly shows that Freeman did this because his Alabama driver's license had expired, and, unless he renewed it, he would have had to take the Georgia driver's license test to obtain a Georgia license. He therefore renewed his Alabama driver's license so that he could then, in turn, obtain a Georgia driver's license without having to take the Georgia test.

There is evidence that, as of April 20, 1998, Freeman had not terminated his insurance-agent license in Alabama, and, under Alabama law, such agents must be residents of the state. 1975 Ala.Code § 27-8-4. ("For the protection of the people of this state, the commissioner shall not issue, *continue* or permit to exist any agent or broker license for and on behalf of any natural person unless such person is in compliance with this chapter as follows: ... Must be a citizen of the United States of America, or Canada or a permanent resident under United States immigration laws and a resident of this state except as to licenses issued to nonresidents.") (emphasis added). The court is convinced, however, that Freeman neglected to terminate the license because he had decided not to pursue the insurance profession at this time, either in Alabama or in Georgia. His failure to terminate his agent license was not intended to reflect any desire to remain an Alabama insurance agent, and, in fact, his insurance license has now expired.

Finally, McDonald has submitted a document from the Alabama Department of Revenue which, on its face, suggests that Freeman renewed his Alabama car tag in 1998. After further investigation, however, counsel for the parties agree that the document is misleading and, in fact, there is no evidence that Freeman renewed the car tag in 1998.

Accordingly, it is ORDERED that plaintiff Carolyn McDonald's motion to remand to state court, filed on June 4, 1998, is denied.