SUAREZ, J.
United Automobile Insurance Company (“UAIC”) appeals the dismissal of an amended complaint for declaratory relief brought in Miami-Dade Circuit Court, seeking to determine whether section 627.745(l)(a), Florida Statutes (2008) requires medical providers to mediate a PIP claim prior to the filing of a breach of contract action for benefits. We affirm the trial court’s dismissal for lack of subject matter jurisdiction.
Kendall South Medical Center and Dai-lyn Medical Center, Inc. were medical providers that submitted PIP claims and de *544 mands for payment to UAIC pursuant to assignments of PIP benefits from UAIC’s insureds. In accord with section 627.745, UAIC requested the appellees to enter into presuit mediation to determine whether the claimed medical services were covered under their PIP policies. The appel-lees declined mediation. UAIC then filed the present amended complaint for declaratory judgment asking the trial court to determine whether Kendall South Medical Center and Dailyn Medical Center, Inc. are required to comply with Section 627.745 mediation prior to filing suit. Kendall South moved to dismiss the amended complaint alleging lack of jurisdiction of the Circuit Court as the declaratory action was based on a PIP claim of less than the jurisdictional amount of $15,000. Dailyn Medical moved to transfer to County Court asserting that the Circuit Court lacked jurisdiction as UAIC’s maximum liability under its policy was $10,000, which is below the jurisdictional threshold. The trial court dismissed the declaratory action for lack of subject matter jurisdiction and this appeal followed.
Relying on Alexdex Corp. v. Nachon Enters., Inc., 641 So.2d 858 (Fla.1994), UAIC contends on appeal that the trial court erred in dismissing the action for declaratory relief for lack of subject matter jurisdiction because the action was equitable in nature and, based on concurrent jurisdiction, could be brought either in circuit court or county court. We disagree.
Alexdex concerned the foreclosure of a construction lien and not, as in this case, a claim for declaratory relief pursuant to Chapter 86.011 of the Florida Statutes. In Alexdex, the Supreme Court analyzed the interplay of circuit and county court jurisdiction as found in Chapters 26 and 34 of the Florida Statutes. The Supreme Court concluded that the legislature intended to provide concurrent jurisdiction in equity cases in the circuit and county courts, except that equity cases filed in county court could not exceed that court’s monetary jurisdiction whereas the circuit court could reach down and take jurisdiction of equity matters below the circuit court’s monetary jurisdiction. However, unlike other matters in equity, there is no concurrent jurisdiction for section 86.011 claims for declaratory relief. Prior to 1990, circuit courts had exclusive jurisdiction over claims for declaratory relief. In 1990, the Legislature amended the statute to grant jurisdiction in declaratory matters to both the circuit and county courts but only “within their respective jurisdictional amounts.”[1] Therefore, the Miami-Dade Circuit Court has jurisdiction of a declaratory action only if the amount in controversy exceeds $15,000 and only the county court has jurisdiction of any amount in controversy less than $15,000. Because UAIC alleges claims of less than $15,000 for each medical provider in its declaratory action, the trial court lacked jurisdiction of the subject matter and properly dismissed the second amended complaint for declaratory relief.
Affirmed.

. The pertinent portion of section 86.011, Florida Statutes (2010) provides:
86.011 Jurisdiction of trial court. — The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed....