DAMOORGIAN, C.J.
This appeal arose out of a declaratory action to determine coverage under a bodily injury insurance policy issued by Geico General Insurance Co. (“GEICO”). GEI-CO initiated the declaratory action after Appellant, Yolene Elisias, filed a personal injury suit against its insured. The declaratory action was filed in the circuit court where the personal injury action was also filed. After determining that the GEICO policy did not cover Elisias, the trial court entered a final declaratory judgment in GEICO’s favor. Elisias appeals the declaratory judgment, raising two issues. First, Elisias argues that the trial court improperly concluded that she met the definition of an “insured” under the policy and, therefore, was excluded from coverage. Second, Elisias argues that the circuit court lacked subject matter jurisdiction because the amount in controversy was based upon the policy limit which was $10,000.00. We affirm.
As to the issue of coverage, we hold without further discussion that the trial court correctly determined that Elisias was excluded from coverage under the terms of the policy.
Turning to the issue of the trial court’s subject matter jurisdiction, Elisias argues that the amount in controversy is under the $15,000.00 threshold required to invoke the jurisdiction of the circuit court. § 34.01(l)(c), Fla. Stat. (2010) (the county court has exclusive jurisdiction over a claim that “does not exceed the sum of $15,000, exclusive of interest, costs, and attorney’s fees”). In reaching this conclusion, Elisias relies upon the undisputed fact that the GEICO insurance policy had a $10,000 limit, and cites to United Automobile Ins. Co. v. Kendall S. Med. Center, 54 So.3d 543 (Fla. 3d DCA 2011). GEICO counters that the cost of providing its insured with a defense in the underlying personal injury suit was also at issue in the declaratory action. By including this cost, the amount in controversy exceeded the $15,000 jurisdictional threshold.
Elisias’ reliance on United Automobile is misplaced. There, the appellate court held that the circuit court did not have subject matter jurisdiction to determine whether medical providers were required to mediate a PIP claim before filing a breach of contract action against the insurer since the maximum liability the insurer faced under the PIP policy was less than $15,000. Id. at 544. There was no underlying suit against the insured implicating the insurer’s contractual duty to tender a defense. Id. Thus, United Automobile is not instructive as the court did not consider whether the cost of tendering a defense could be included in the amount in controversy for jurisdictional purposes. Id. Indeed, no Florida court has considered this issue. However, federal courts have addressed the matter, and we find guidance in those cases.
In Stonewall Ins. Co. v. Lopez, 544 F.2d 198, (5th Cir.1976), the Fifth Circuit, applying federal jurisdiction statutes, noted that in a declaratory coverage action, the amount in controversy is determined from the insurer’s perspective. Id. at 198. Thus, it held that “[t]he pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount.” Id. at 199. The Federal District Courts for the Middle and Southern Districts of Florida held the same in Dairyland Ins. Co. v. Chadwick, 2008 WL 912428, *3 (M.D.Fla. April 1, 2008), and Clarendon America Ins. Co. v. Miami River Club, Inc., 417 F.Supp.2d 1309, 1316 (S.D.Fla.2006), respectively.
Adopting the Fifth Circuit Court’s reasoning in Stonewall, we hold that the pecuniary value of an insurer’s obligation to tender a defense to its insured in the *921 underlying suit implicating the coverage issue is properly considered in determining the existence of the jurisdictional amount in an action to determine coverage.

Affirmed.

CIKLIN and CONNER, JJ., concur.