[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11615
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01878-GAP-GJK

BRIAN MCDANIEL,
individually & on behalf of all others similarly situated,

                                                    Plaintiff - Appellee,

versus

FIFTH THIRD BANK,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This case presents a question of subject matter jurisdiction.  Appellant Fifth Third Bank appeals from the district court's order granting Appellee Brian McDaniel's Motion for Remand to state court.  Fifth Third argues that the district court erred by refusing to consider the amount of punitive damages related to McDaniel's fraud claims—based on its determination that those claims lacked merit—as part of its analysis of whether the amount in controversy requirement of the Class Action Fairness Act of 2005 (CAFA) was met.  Pub. L. No. 109–2 119, Stat. 4 (codified in scattered sections of 28 U.S.C.).  We agree.

The underlying dispute arises out of Fifth Third's practice of charging non-account holders a $4 check cashing fee.  McDaniel brought a putative class action suit in state court, alleging violations of the Florida Consumer Collection Practices Act (FCCPA) and Florida Statutes §§ 655.85, 673.4081, and 673.4131.  The complaint also alleged unjust enrichment, fraud, and fraud in the inducement and sought compensatory and punitive damages, as well as declaratory relief.  Fifth Third removed the case to federal court under CAFA.  However, the district court granted McDaniel's Motion for Remand to state court based on its finding that the amount in controversy requirement was not satisfied—a finding that was informed by the court's determination that punitive damages for fraud were not at issue because the fraud claims were "deficient on their face."

2

A district court's decision to remand a CAFA case back to state court for lack of subject matter jurisdiction is subject to de novo review. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

"Under CAFA, federal courts . . . have original jurisdiction over class actions[1] in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). When determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *Pretka*, 608 F.3d at 751 ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (internal quotation marks omitted)); *see Continental Cas. Co. v. Dep't of Highways*, 379 F.2d 673, 675 (5th Cir. 1967) ("[C]ourts should be careful not to decide the merits, under the guise of determining jurisdiction . . . ."); *Brown v. United Gas Pub. Serv. Co.*, 96 F.2d 264, 264 (5th Cir. 1938) ("Jurisdiction must be initially determined by

---

[1] "[T]he term 'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

the amount claimed in good faith.  That plaintiff may not be entitled to recover on the merits the whole or part of the claim does not necessarily defeat jurisdiction.").

As in all removal cases, "the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka*, 608 F.3d at 752 (internal quotation marks omitted).  Where the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (internal quotation marks omitted).

Here, the district court's decision was based on the premise that the amount of damages flowing from facially deficient claims should not be considered when determining the amount in controversy.  Were this correct, district courts would be required to consider the merits of a plaintiff's claims before deciding whether jurisdiction exists.  As we explain below, such inquiry constitutes error.

There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits.  *Pretka*, 608 F.3d at 751; *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the

4

plaintiffs will lose on the merits" (internal quotation marks omitted)).  That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938) (noting that "the fact that the complaint discloses the existence of a valid defense to the claim" does not defeat jurisdiction).  Of course, a court may ignore the amount of damages claimed by a plaintiff where the underlying cause of action is brought in bad faith.  *Id.* at 288, 58 S. Ct. at 590.  But, in cases like this, where a case that was originally filed in state court has been removed to federal court, we presume no bad faith existed. *Id.* at 290, 58 S. Ct. at 591 (indicating that when a case is removed to federal court "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court").  While a court may decide that some of a plaintiff's claims lack merit in the context of a motion to dismiss, such considerations are inappropriate as part of a jurisdictional analysis.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal quotation marks omitted)); *id.* at 96, 118 S. Ct. at 1014 (stating that "the nonexistence of a cause of action was no proper basis for a jurisdictional

5

dismissal"). Thus, the district court erred when it refused to consider the amount of damages flowing from McDaniel's fraud claims based on its determination that those claims failed as a matter of law.

When considering punitive damages as part of the jurisdictional amount, it becomes clear that Fifth Third has carried its burden to "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752. While a mere conclusory allegation that the jurisdictional amount has been satisfied is insufficient to establish jurisdiction, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001), the defendant need not go so far as to prove that the plaintiff is likely to recover damages in such an amount, *see Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 n.4 (10th Cir. 2012); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Rather, Fifth Third need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded. *See Back Doctors*, 637 F.3d at 831 (finding CAFA's amount in controversy requirement satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum). We find that they have done so.

McDaniel sought compensatory damages for the entire amount of the check-cashing fees collected by Fifth Third, which, based on a declaration submitted by Fifth Third, amounts to $2,488,335.  McDaniel also sought the maximum amount of compensatory damages available under the FCCPA—$501,000.  He also requested punitive damages under the FCCPA, which, in Florida, would be limited to $1,503,000—three times the compensatory award.  *See* Fla. Stat. § 768.73(1)(a).  Finally, McDaniel asked for punitive damages based on claims of common law fraud and fraud in the inducement.  Again, Florida limits such an award to three times the amount of compensatory damages—$7,465,005.  *See id.*  These claims establish that CAFA's amount in controversy requirement has been met.  *See Frederick*, 683 F.3d at 1248 ("A defendant seeking to remove because of a claim for punitive damages must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that punitive damages are in play." (internal quotation marks omitted)); *Back Doctors*, 637 F.3d at 830 ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.").  Any inquiry into whether McDaniel *would* actually recover these amounts is unnecessary and inappropriate.  For the purposes of establishing jurisdiction, it is enough to show that he *could*.

Accordingly, the order remanding this suit to state court is vacated, and the case is remanded to the district court for adjudication on the merits.

7

**VACATED AND REMANDED.**