DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERATED NATIONAL INSURANCE COMPANY,**
Petitioner,

v.

**RESTORATION 1 OF SOUTH FLORIDA, LLC a/a/o Marie Loiseau,**
Respondent.

No. 4D14-3404

[January 7, 2015]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Gates, Judge; L.T. Case No. 14-008748 CACE.

Warren Kwavnick and Paul Shafranski of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for petitioner.

Erik D. Diener of The Diener Firm, P.A., Plantation, for respondent.

PER CURIAM.

The petition for writ of prohibition is granted. The circuit court lacks subject matter jurisdiction over this declaratory judgment action, because the amount in controversy ($1,196.66) does not exceed the $15,000 jurisdictional amount.

The declaratory judgment statute provides:

> The circuit and county courts have jurisdiction *within their respective jurisdictional amounts* to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.

§ 86.011, Fla. Stat. (2014) (emphasis supplied). Because the jurisdictional amount is not met in this case, the circuit court lacks jurisdiction. *United Auto. Ins. Co. v. Kendall S. Med. Ctr.*, 54 So. 3d 543, 544 (Fla. 3d DCA 2011) ("[T]he . . . Circuit Court has jurisdiction of a declaratory action only if the amount in controversy exceeds $15,000 and only the county court has jurisdiction of any amount in controversy less than $15,000.");

*Plantation Gen. Hosp. Ltd. P'ship v. Johnson*, 621 So. 2d 551, 553 n.4 (Fla. 4th DCA 1993), *quashed on other grounds*, 641 So. 2d 58 (Fla. 1994); *Spradley v. Doe*, 612 So. 2d 722, 724 (Fla. 1st DCA 1993).

The circuit court shall enter an order transferring the case to county court. Fla. R. Civ. P. 1.060(a).

*Petition granted.*

GROSS, TAYLOR and CIKLIN, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**