**E.S.Y., INC., et al., Plaintiffs,**

v.

**SCOTTSDALE INSURANCE COMPANY, Defendant.**

**CASE NO. 15–21349–CV**

United States District Court,
S.D. Florida.

Signed June 30, 2015

---

Sagi Shaked, Shaked Law Firm, P.A., Aventura, FL, for Plaintiffs.

Kathleen Johnson Maus, Julius Frederick Parker, III, Butler Weihmuller Katz Craig LLP, Tallahassee, FL, for Defendant.

## ORDER

Cecilia M. Altonaga, District Judge

**THIS CAUSE** came before the Court upon Plaintiffs, E.S.Y., Inc. ("E.S.Y.") and Yariv Shaked's ("Shaked['s]") (together, "Plaintiffs[']") Motion to Remand ... ("Motion") [ECF No. 7], filed April 29, 2015. On May · 13, 2015, Defendant, Scottsdale Insurance Company ("Defendant") filed its Memorandum in Opposition ... ("Response") [ECF No. 12]; and on May 20, 2015, Plaintiffs filed their Amended Reply ... ("Reply") [ECF No. 14]. The Court has carefully reviewed the parties' written submissions, the record, and applicable law.

## I. BACKGROUND

.Plaintiffs commenced this action in state court seeking declaratory relief regarding the terms of an insurance policy (the "Policy") issued by Defendant, for which Plaintiffs are named insureds. (*See* Complaint ... ("Complaint") [ECF No. 1–1] ¶¶ 5–6, 11, 16). Plaintiffs' suit was prompted by an independent and pending lawsuit (the "Trademark Suit") Exist, Inc. ("Exist") filed against Plaintiffs in federal court. (*See id.* ¶¶ 7–8). In the Trademark Suit, Exist claims trademark infringement, unfair competition, trademark dilution, and unfair trade practices. (*See id.* ¶ 7).

On January 29, 2015, Defendant informed Plaintiffs "they were being refused coverage under the Policy in relation to the" Trademark Suit. (*Id.* ¶ 8). Plaintiffs subsequently filed the Complaint, seeking a declaration: (1) the Policy is valid; (2) the Trademark Suit is covered under the Policy's Advertising Injury Clause; (3) Defendant has a duty to defend Plaintiffs in the Trademark Suit; (4) Defendant must indemnify Plaintiffs if they are found liable in the Trademark Suit; and (5) Defendant

must pay attorney's fees and costs in the Trademark Suit incurred by Plaintiffs as a result of Defendant's refusal of coverage. (*See id.* Counts I, II). Plaintiffs also seek attorney's fees and costs incurred in bringing this action. (*See id.*).

▇▇▇ After filing its Answer ... [ECF No. 1–2] in state court, Defendant filed a Notice of Removal[1] ("Notice") [ECF No. 1], invoking the Court's diversity jurisdiction. (*See* Notice ¶ 2). There is no dispute the parties' citizenship is diverse;[2] Plaintiffs contend only the amount-in-controversy requirement of diversity jurisdiction is not satisfied. (*See generally* Mot.).

## II. LEGAL STANDARD

▇▇▇ If a civil action brought in state court could have originally been brought in federal court, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999) (citation omitted). "Federal courts are courts of limited jurisdiction," *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C.

§ 1447(c). The party attempting to invoke federal jurisdiction bears the burden of establishing it. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

## III. DISCUSSION

Plaintiffs argue this case should be remanded because "[t]he object of the litigation is whether or not the Defendant owes a duty to defend" them in the Trademark Suit, and "[p]lacing a value on potential attorney's fees and cost[s] is too speculative, and not measurable." (Mot. ¶ 15) (alterations added). Plaintiffs also argue the case should be remanded to state court because they have "sought damages including attorney's fees and costs for amount [sic] significantly less than $75,000.00." (*Id.* ¶ 5 (alteration added)). In support, Plaintiffs assert they have an e-mail, received during confidential settlement negotiations with Exist, indicating Exist's willingness to settle the Trademark Suit for an amount less than $75,000. (*See id.*). Plaintiffs also seek recovery of attorney's fees and costs incurred in preparing their Motion, pursuant to 28 U.S.C section 1447(c). (*See id.* ¶ 17).

According to Defendant, Exist claims at least four acts of copyright infringement in its Second Amended Complaint (the

---

1. Defendant's Notice of Removal is actually titled "DEFENDANT, AXIS SURPLUS INSURANCE COMPANY'S NOTICE OF REMOVAL."

2. Under 28 U.S.C. section 1332(a), diversity of citizenship is required to establish diversity jurisdiction. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir.2002) (citation omitted). There is a presumption "the state in which a person resides at any given time is also that person's domicile." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998) (citations omitted).

E.S.Y. is a Florida corporation with its principal place of business in Florida, and Defendant is an Arizona corporation with its principal place of business in Arizona. (*See* Notice ¶¶ 4, 5). As for Shaked, the Complaint alleges he is a Florida resident but does not otherwise indicate his domicile. (*See* Compl. ¶ 2). Because Shaked does not challenge Defendant's assertion he is a Florida citizen (*see* Notice ¶¶ 6–7), and in the Motion, Plaintiffs contend this suit should be remanded to state court only because the amount-in-controversy requirement is not satisfied (*see generally* Mot.), the Court takes as admitted Shaked is domiciled in Florida.

"Trademark Complaint")[3]: at least two acts in Count I and at least two in Count II, with each act of infringement subject to statutory damages of up to $150,000. (*See* Resp. 2–3). Defendant thus argues, if Exist is successful in the Trademark Suit, it could recover up to $600,000 in merely two of the seven counts asserted, which in turn could require Defendant to indemnify Plaintiffs for at least $600,000 in damages. (*See id.*; *see also* Notice ¶ 1). Defendant also argues the Court, in determining the amount in controversy, should consider the potential costs of defending Plaintiffs in the Trademark Suit, as well as that suit's prevailing-party attorney's fees, which Exist seeks pursuant to statute. (*See* Resp. 5). Finally, Defendant argues Plaintiffs should not recover attorney's fees associated with preparing their Motion, as Defendant advances an objectively reasonable basis for removing the case. (*See id.* 6).

### A. Amount–in–Controversy Requirement

■ Federal diversity jurisdiction may be invoked if there is complete diversity of citizenship among the litigants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In determining whether the jurisdictional amount in controversy has been met, a court evaluates the amount in controversy as of the time of removal. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir.2014). "Removal is proper if it is 'facially apparent' from the complaint that the amount in controversy has been met." *Rowland v. Scottsdale Ins. Co.*, No. 8:11–

cv–2774–T–33TBM, 2012 WL 882552, at *2 (M.D.Fla. Mar. 15, 2012) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001)). But where a "plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness*, 745 F.3d at 1315 (citation omitted).

■ To determine whether a defendant has met its burden, a court evaluates defendant's notice of removal and evidence submitted by the parties. *See Williams*, 269 F.3d at 1319 (citation omitted). A defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirement of removal," including: affidavits; interrogatories obtained in state court before the removal was filed; evidence submitted in federal court after the removal was filed; and a copy of a written instrument that is an exhibit to a pleading. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755–56 (11th Cir.2010). A court may also draw reasonable deductions and inferences from the evidence and the pleadings. *See id.* at 754; *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F.Supp.2d 1245, 1252 (S.D.Ala.2010) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir.2010)).[4]

■ "For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir.2000)

**3.** The Trademark Complaint is attached to Plaintiffs' Complaint as Exhibit B.

**4.** Like in this case, the parties in *SUA* disputed the amount in controversy in a declaratory judgment insurance action premised on an underlying suit for damages. *See SUA*, 751 F.Supp.2d at 1247; *see also Stonewall Ins.*

*Co. v. Lopez*, 544 F.2d 198 (5th Cir.1976); *Dornoch Ltd. v. Osting*, No. 8:05–CV–1460–T–17–TGW, 2011 WL 2192826 (M.D.Fla. June 6, 2011). The defendant in *SUA*, however, did not submit evidence sufficient to satisfy the amount-in-controversy requirement. *See* 751 F.Supp.2d at 1251–56.

(internal quotation marks and citation omitted). Stated differently, the value of equitable relief "is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *S. Fla. Wellness*, 745 F.3d at 1316 (quoting *Morrison*, 228 F.3d at 1268) (alteration in original). Such value "must be 'sufficiently measurable and certain,'" *S. Fla. Wellness*, 745 F.3d at 1316 (quoting *Morrison*, 228 F.3d at 1269), and not "too speculative and immeasurable," *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 220–21 (11th Cir.1997).

■■■■■ "'[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.'" *Pretka*, 608 F.3d at 751 (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir.2009)) (alteration added). Statutory damages sought in the complaint are properly considered when determining the amount in controversy. *See McDaniel v. Fifth Third Bank*, 568 Fed.Appx. 729, 731–32 (11th Cir.2014). Likewise, "[t]he pecuniary value of the obligation to defend [a] separate lawsuit is properly considered in determining the existence of the jurisdictional amount...." *Stonewall Ins. Co.*, 544 F.2d at 199 (alterations added; citations omitted); *see also Dornoch Ltd.*, 2011 WL 2192826, at *3. In some instances, attorney's fees may also properly be considered: "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir.2003); *see also Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933).

## B. Analysis

■■■■ Plaintiffs' Complaint, read in isolation of its exhibits, seeks only declaratory relief, the quantitative value of which is unspecified. (*See* Compl. Counts I, II). Yet the Complaint also incorporates by reference the Trademark Complaint (*see id.* ¶ 7), as the declaratory relief Plaintiffs seek in this suit is directly tied to the relief Exist seeks in the Trademark Suit. (*See id.* Counts I, II). Whether the Trademark Complaint is considered part of the "face" of Plaintiffs' Complaint or, instead, evidence beyond the Complaint submitted by Defendant through the Notice of Removal, it is properly considered in support of Defendant's position the amount in controversy is satisfied. And indeed, as explained next, the Trademark Complaint alone shows the amount in controversy exceeds $75,000.

In two of the seven counts in the Trademark Complaint, Exist claims Plaintiffs have committed acts of copyright infringement, each compensable in an amount of up to $150,000 in statutory damages. (*See* Trademark Compl. ¶¶ 45, 51). As Defendant argues, because each of these two counts claims at least two acts of infringement, the minimum amount of statutory damages sought in the Trademark Suit is $600,000. And because Plaintiffs seek a declaration Defendant must indemnify Plaintiffs for any liability they may incur in the Trademark Suit, Defendant could end up paying at least $600,000 to Plaintiffs, which places the amount in controversy in this case well in excess of $75,000. *See McDaniel*, 568 Fed.Appx. at 731–32 (relying on maximum amount of statutory damages sought by plaintiff to determine defendant met its burden of proving by a preponderance of the evidence the amount in controversy was satisfied).

The Court need not consider the other forms of relief sought in the Trademark

Suit, all of which Plaintiffs claim are covered by the Policy. For example, Exist seeks attorney's fees from Plaintiffs (*see* Trademark Compl. Prayer for Relief ¶ 4); because those fees are sought pursuant to statute, the Court may properly consider them in the amount-in-controversy inquiry. *See McKinnon Motors*, 329 F.3d at 808 n. 4; *Mo. State Life Ins. Co.*, 290 U.S. at 202, 54 S.Ct. 133. Additionally, as Plaintiffs seek a declaration Defendant must defend them in the Trademark Suit, the Court may consider the pecuniary value of the defense as well. *See Stonewall Ins. Co.*, 544 F.2d at 199; *Dornoch Ltd.*, 2011 WL 2192826, at *3. The Court is not required to estimate what those values are—or determine whether Defendant submitted evidence sufficient to allow such an estimation—since it is already clear the amount in controversy exceeds $75,000. *See La Rocca v. Stahlheber*, 676 F.Supp.2d 1347, 1350 (S.D.Fla.2009).

Plaintiffs' reliance on *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000), is misplaced. In *Cohen*, a consumer class action brought against an office supply store was dismissed for failure to satisfy the amount-in-controversy requirement. *See id.* at 1083. The plaintiff claimed "Office Depot's advertising indicate[d] that the prices for products purchased from its catalogues [were] the lowest prices available anywhere, but that the truth is some products [were] less expensive if purchased at Office Depot stores." *Id.* at 1077 (alterations added). The plaintiff therefore sought to enjoin Office Depot from engaging in unfair and misleading advertising practices, arguing an injunction "would result[ ] in changes to Office Depot's advertising and business practices," which in turn would benefit the class as a whole by an amount clearly in excess of the jurisdictional requirement. *Id.* (alteration in original).

The court determined each class member's $256 *pro rata* amount of claimed punitive damages was insufficient to meet the amount in controversy, but went on to consider whether the value of the class's requested injunctive relief would suffice. *See id.* The class representative argued, if considered in the aggregate, the monetary value of the injunctive relief—alone or combined with the other claims for relief—would satisfy the amount-in-controversy requirement. *See id.* The court disagreed, noting "the injunctive relief in this case involves too many contingencies, such as the manner in which Office Depot might alter its pricing schemes and the extent to which the class members' purchasing patterns might change." *Id.* at 1079. The court concluded, "any monetary value to [plaintiff]'s class from the injunction is either nonexistent, or at least too tenuous of a foundation for diversity jurisdiction." *Id.* (alteration added). That is not the case here: as explained, the statutory damages sought in the Trademark Complaint alone show the value of Plaintiffs' declaratory relief, if granted, is measurable and sufficient to satisfy the amount in controversy.

Plaintiffs' argument premised on the purported $25,000 settlement offer from Exist does not change the outcome. First, Plaintiffs have made no attempt to submit the e-mail into evidence aside from a cursory statement in the Motion they would provide the e-mail for *in camera* inspection (*see* Mot. ¶ 5)—an offer they did not renew in their reply or otherwise act upon (*see* Reply ¶ 6), despite the fact Defendant addressed the issue in the Response (*see* Resp. 3, 5–6). Second, while courts in this District have considered materials attached to a plaintiff's pre-suit demand letter, *see La Rocca*, 676 F.Supp.2d at 1349–50; *Katz v. J.C. Penney Corp.*, No. 09–CV–60067, 2009 WL 1532129, at *4 (S.D.Fla. June 1, 2009), Plaintiffs do not submit any authority establishing the

Court may consider the purported Exist e-mail, which, according to Plaintiffs, was sent not before the Trademark Suit's commencement but rather later, in an attempt to settle the already-existing suit. This contrasts with the pre-suit demands in *La Rocca* and *Katz*, which were sent to the relevant defendants before the suits were commenced and thus more likely reflected the amount in controversy, as opposed to the amount for which the plaintiffs were willing to compromise.

 Third, the Court may consider the amount in controversy only as of the time of removal, and there is no indication Defendant received the purported e-mail before the Notice of Removal was filed. Defendant raised this discrepancy in its Response (*see* Resp. 3), and Plaintiffs offered no rebuttal (*see generally* Reply). Finally, any probative value of the settlement offer, assuming it is even properly considered, is neutralized by the fact Plaintiffs refused Defendant's proposal to remand the case to state court if Plaintiffs would stipulate the liability does not exceed $75,000. (*See* Resp. 4–5; Reply ¶ 5). While "a refusal to stipulate standing alone does not satisfy [a defendant]'s burden of proof on the jurisdictional issue," it is not irrelevant. *Williams*, 269 F.3d at 1320 (alteration added).

## IV. CONCLUSION

In sum, Defendant has proven by a preponderance of the evidence the amount in controversy exceeds the jurisdictional minimum. The case shall not be remanded, Plaintiffs are not entitled to attorney's fees for bringing the Motion, and it is therefore

**ORDERED AND ADJUDGED** that the Motion [ECF No. 7] is **DENIED.**

**DONE AND ORDERED.**