DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JARRED LEIBNER,**
Petitioner,

v.

**PERRY STUART SEIDER,**
Respondent.

No. 4D20-956

[August 5, 2020]

Petition from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE17-023539 (18).

Adam Feldman of Cernitz Shanbron, LLC, Miami and Jarred Leibner, North Bay Village, pro se, for petitioner.

Jacqueline Emanuel and Stephen Knoerr of Knoerr & Emanuel, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

Petitioner seeks a writ of mandamus to compel the circuit court to exercise jurisdiction over his action and rule on his pending motions. We conclude that the circuit court erred in refusing to exercise jurisdiction and grant the petition.

In his third amended complaint, petitioner sought declaratory relief, damages, and injunctive relief for violations of the Florida Consumer Collection Practices Act (FCCPA) and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), as well as damages and equitable relief for other fraud-based claims. The circuit court transferred the case to county court, concluding that it lacked jurisdiction over petitioner's claim for declaratory relief because the amount in controversy does not exceed the county court's jurisdictional threshold. *See* § 86.011, Fla. Stat. (2017); *Federated Nat'l Ins. Co. v. Restoration 1 of S. Fla., LLC,* 152 So. 3d 1292, 1292 (Fla. 4th DCA 2015).

The circuit court erred in refusing to exercise jurisdiction over the petitioner's action because he is seeking equitable relief other than a declaratory judgment. Circuit courts have concurrent jurisdiction in matters of equity regardless of whether the amount in controversy exceeds the county court's jurisdictional threshold. *See* § 26.012(2)(c), Fla. Stat. (2017); *Alexdex Corp. v. Nachon Enters., Inc.*, 641 So. 2d 858, 861-62 (Fla. 1994); *see also Recanzone v. May Co.*, 712 So. 2d 474, 474 (Fla. 4th DCA 1998) (holding that the circuit court had jurisdiction over an action for damages and injunctive relief under FCCPA and FDUTPA even though the amount in controversy did not exceed the county court's jurisdictional threshold).

We therefore grant the petition. The circuit court shall vacate the order transferring the case to county court, exercise its jurisdiction over the case, and rule on the petitioner's pending motions within a reasonable time.

*Petition granted.*

CIKLIN, KLINGENSMITH and KUNTZ, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

2